Filed 6/1/23  P. v. Tyler CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084393 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. BF116022A) |
| v. | |
| GEORGE TYLER, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Chad A. Louie, Judge.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Poochigian, J.

In 2009, appellant and defendant George Tyler (appellant) was convicted after a jury trial of count 1, second degree murder, and count 2, assault of a child resulting in death while having care and/or custody of the child. He was sentenced to an aggregate term of 25 years to life. In 2010, this court remanded for correction of the abstract of judgment and otherwise affirmed.[1]

In 2020, the superior court denied appellant's petition for resentencing that had been filed pursuant to Penal Code former section 1170.95.[2] In 2021, this court affirmed the trial court's order after conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and addressing issues raised by appellant.

In 2022, appellant filed another petition for resentencing. The superior court appointed counsel, conducted a hearing, and denied the petition.

In this appeal from the denial of his second petition, appellant's counsel filed a brief with this court pursuant to *Wende* and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.[3]

On March 9, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a

---

[1] This court granted appellant's request to take judicial notice of the records and nonpublished opinions in his prior appeals in *People v. Tyler* (Oct. 27, 2010, F058478) and *People v. Tyler* (July 16, 2021, F081652).

[2] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

[3] Appellant's notice of appeal, prepared in pro. per., was signed on May 18, 2022, and filed on May 23, 2022. On January 12, 2023, this court granted appellant's motion for constructive filing of a timely notice of appeal.

2.

section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## **DISPOSITION**

The appeal is dismissed.